UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ADAM HEGGEN, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>HEAVENLY VALLEY, Limited Partnership, and DOES 1 THROUGH 10, inclusive,<br><br>        Defendants. | No. 2:21-cv-107 WBS DB<br><br><br>ORDER RELATING CASES |
| ANNA GIBSON and ZACHARIAH SAIZ-HAWES on behalf of themselves and all those similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>THE VAIL CORPORATION D/B/A VAIL RESORTS MANAGEMENT COMPANY and DOES 1 THROUGH 100, inclusive,<br><br>       Defendants. | No. 2:21-cv-1260 WBS DB |

1

|   |   |
|---|---|
| 1<br>2 | CHRISTOPHER HAMILTON, as an individual and on behalf of all others similarly situated, | No. 2:21-cv-1608 WBS DB |
| 3 | Plaintiff, |
| 4 | v. |
| 5<br>6<br>7 | HEAVENLY VALLEY, LIMITED PARTNERSHIP, a Nevada limited partnership, and DOES 1 through 50, inclusive, |
| 8 | Defendants. |

|   |   |
|---|---|
| 9<br>10<br>11 | PAUL GREG ROBERDS, individually and on behalf of all others similarly situated, | No. 2:21-cv-2251 TLN CKD |
| 12 | Plaintiffs, |
| 13 | v. |
| 14-19 | THE VAIL CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS VAIL RESORTS MANAGEMENT COMPANY, a Colorado Corporation; HEAVENLY VALLEY, LIMITED PARTNERSHIP, a Nevada Limited Partnership; and DOES 1-50, inclusive, THE VAIL CORPORATION D/B/A VAIL RESORTS MANAGEMENT COMPANY and DOES 1 THROUGH 100, inclusive, |
| 20 | Defendants. |

----oo0oo----

The court previously related cases Heggen v. Heavenly Valley, Limited Partnership, 2:21-cv-00107 WBS DB; Gibson v. Vail Corp., No. 2:21-cv-01260 WBS DB, and Hamilton v. Heavenly Valley, Limited Partnership, 2:21-cv-01608 WBS DB. (Docket No. 9.) The court now finds that Roberds v. Vail Corporation, 2:21-cv-02251 TLN CKD, is also related within the meaning of Local Rule 123(a),

2

because all four cases contain similar claims brought by overlapping groups of employees for alleged failures to provide: (1) all wages for time worked; (2) overtime; (3) meal periods; (4) rest periods; (5) accurate wage statements; and (6) reimbursement for necessary business expenses. Accordingly, the assignment of these matters to the same judge is likely to effect a substantial saving of judicial effort and is also likely to be convenient for the parties.

The parties should be aware that relating the cases under Local Rule 123 merely has the result that all actions are assigned to the same judge; no consolidation of the actions is effected. Under the regular practice of this court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.

IT IS THEREFORE ORDERED that the actions denominated Heggen v. Heavenly Valley, Limited Partnership, 2:21-cv-00107 WBS DB; Gibson v. Vail Corp., No. 2:21-cv-01260 WBS DB; Hamilton v. Heavenly Valley, Limited Partnership, 2:21-cv-01608 WBS DB, and Roberds v. Vail Corporation, 2:21-cv-02251 TLN CKD be, and the same hereby are, deemed related. The cases denominated Roberds v. Vail Corporation, 2:21-cv-02251 TLN CKD, shall be reassigned to the Honorable WILLIAM B. SHUBB and Magistrate Judge DEBORAH BARNES. Any dates currently set in the reassigned case only are hereby VACATED. Henceforth, the captions on documents filed in the reassigned case shall be shown as Roberds v. Vail Corporation, 2:21-cv-02251 WBS DB.

IT IS FURTHER ORDERED that the Clerk of the Court make an appropriate adjustment in the assignment of cases to

compensate for this reassignment.

Dated: April 27, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE